08-646.081-JCD                                                  June 26, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LIDIA L. DEL VALLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 646 |
| ) | |
| BOND CAPITAL, LTD., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is defendant's motion to stay these proceedings pending arbitration. For the reasons explained below, the motion is granted.

Plaintiff Lidia Del Valle, who was formerly employed by defendant Bond Capital, Ltd. ("Bond"), brought this suit pursuant to the Fair Labor Standards Act ("FLSA") to recover back pay, liquidated damages, damages for discriminatory discharge, and attorney's fees. Del Valle alleges that Bond owes her approximately $50,000.00 for 1200 hours of back overtime as well as other unpaid wages. She also alleges that Bond wrongfully terminated her employment in January 2008 in retaliation for her complaints about the failure to pay her overtime.

Bond has filed a motion to stay the proceedings pending arbitration. Bond states that when Del Valle began working for Bond, she received an employee handbook that contained, among other

things, Bond's policy requiring arbitration of "[a]ny and all disputes relating to the employment . . . relationship or the termination thereof."[1] (Def.'s Mot. to Stay, Ex. A, at 2.) Del Valle signed an "Acknowledgment and Agreement" in which she acknowledged receipt of the employee handbook and agreed to "abide by the policies in it, including [her] agreement to the arbitration policy." (Id. at 1.) Bond submits that because the instant action is a dispute relating to the employment relationship and termination thereof, we must stay the proceedings until arbitration has taken place.

Del Valle concedes that she signed the Acknowledgment and Agreement and thereby agreed to the terms and conditions of employment with Bond. But she contends that "[t]here was a separate document to be signed by plaintiff agreeing to arbitration. Plaintiff never signed the agreement, although the employee manual incorporated it by reference." (Pl.'s Objection at 2.) Apparently the implication is that Del Valle did not agree to arbitrate employment disputes. But the arbitration provision was

---

[1] More fully, the provision states: "Any and all disputes relating to the employment and/or independent contractor relationship or the termination thereof, which cannot be resolved by the parties, shall be resolved through final and binding arbitration based on the then current National Rules for the Resolution of Employment Disputes of the American Arbitration Association . . . and pursuant to the Federal Arbitration Act. . . . Both the Company and its employees and independent contractors voluntarily and knowingly waive any rights to have any such dispute heard or adjudicated in any other forum, including the right to trial by jury. . . . The arbitrator shall have the authority to decide whether a particular dispute is subject to arbitration, and to grant all monetary or equitable relief including, without limitation, ancillary costs and fees, injunctive relief, punitive damages, and attorneys' fees and costs available under state and federal law." (Def.'s Mot. to Stay, Ex. A, at 2.)

included in the handbook and therefore was one of the terms to which plaintiff agreed by signing the Acknowledgment and Agreement. Indeed, the Acknowledgment and Agreement expressly refers to her "agreement to the arbitration policy." There was no need for a "separate document" in order to obtain Del Valle's agreement to arbitrate; that was accomplished through the Acknowledgment and Agreement.

Del Valle argues that FLSA claims are not arbitrable, citing <u>Barrentine v. Arkansas-Best Freight System, Inc.</u>, 450 U.S. 728 (1981) and <u>Underwood v. Venango River Corp.</u>, 995 F.2d 677 (7th Cir. 1993). Neither <u>Barrentine</u> nor <u>Underwood</u> supports plaintiff's argument. "A fair reading of the actual analysis of <u>Barrentine</u> is that labor arbitration under a [collective bargaining agreement] does not preclude the employee's subsequent assertion of her statutory FLSA rights. Its holding is not applicable in the context of submission of an employee's FLSA claims to *commercial* arbitration pursuant to a contract executed between the individual employee (as opposed to the union) and the employer." <u>Carter v. Countrywide Credit Indus., Inc.</u>, 189 F. Supp. 2d 606, 609 (N.D. Tex. 2002) (confronting the identical argument that FLSA claims may not be submitted to arbitration pursuant to an arbitration agreement entered into by an employee and her employer). <u>Underwood</u> is completely inapposite; the issue in that case was whether plaintiffs' RICO claims were preempted by the Railway Labor Act,

and the opinion is evidently cited by Del Valle simply because it mentions <u>Barrentine</u> in passing. It is clear that statutory claims such as plaintiff's FLSA claims "may be the subject of an arbitration agreement, enforceable pursuant to the [Federal Arbitration Act]." <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 26 (1991) (holding that an ADEA claim was subject to compulsory arbitration where agreement required arbitration of "any dispute, claim or controversy" arising between the parties).

Plaintiff also argues that because the arbitration provision to which she agreed did not expressly refer to FLSA, she did not agree to arbitrate those kinds of claims. Plaintiff cites <u>Wright v. Universal Maritime Service Corp.</u>, 525 U.S. 70, 79-80 (1998), for the proposition that waiver of a federal statutory right must be "clear and unmistakable." <u>Wright</u>, however, stands for the much narrower proposition that "a union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be "clear and unmistakable." <u>Id.</u> at 80. As stated in <u>Wright</u> itself, the "clear and unmistakable" standard does not apply to an individual's waiver of her own rights, and in that instance, per <u>Gilmer</u>, broad arbitration clauses can encompass federal statutory claims. <u>Id.</u> at 80-81.

Plaintiff suggests that the arbitrator "may not be suitable to interpret the FLSA and all its implementing regulations." (Pl.'s Objection at 2.) There is no reason to believe that an arbitrator

would be unable to interpret and apply the statute. In addition, over two decades ago, the Supreme Court observed: "[W]e are well past the time when judicial suspicion of the desirability of arbitration and of the competence of arbitral tribunals inhibited the development of arbitration as an alternative means of dispute resolution." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-27 (1985). Plaintiff also intimates that by arbitrating her claims, she will be giving up some unspecified unwaivable right under FLSA. This concern was addressed by the Supreme Court in Mitsubishi as well: "By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Id. at 628.

Del Valle agreed to arbitrate all disputes relating to her employment or termination, and we find no reason not to enforce that agreement. Accordingly, Bond's motion to stay the proceedings pending arbitration will be granted.

## **CONCLUSION**

The motion of defendant Bond Capital, Ltd. to stay the proceedings pending arbitration is granted.

DATE: June 26, 2008

ENTER: _____

John F. Grady, United States District Judge